# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SLOAN, | ) | C.A. No. 09-100 Erie |
| Plaintiff | ) | |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| RAYMOND J. SOBINA, et al., | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that Defendants' motion for summary judgment [ECF No. 151] be granted, and that this case be dismissed.

### II.  REPORT

#### A.  Relevant Procedural History

On June 11, 2009, Plaintiff Aaron Sloan, a prisoner currently incarcerated at the State Correctional Institution at Somerset, Pennsylvania ("SCI-Somerset"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against approximately thirty-two (32) named and unnamed individuals at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion") and the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), arising from an assault that allegedly occurred at SCI-Albion on September 2, 2008, and events subsequent to that incident. [ECF No. 6].  Plaintiff filed a first amended complaint on or about September 22, 2009, adding over ninety (90) additional Defendants from SCI-Forest and SCI-Somerset, and raising additional assault and conditions of confinement claims against those Defendants. [ECF No. 35]. Plaintiff then filed a second amended complaint on May 28, 2010, in which he deleted all claims

against the SCI-Somerset Defendants, but continued to assert various assault and misconduct claims against the Defendants from SCI-Albion and SCI-Forest. [ECF No. 77].

On August 23, 2010, Plaintiff filed a third amended complaint, which is the operative complaint in this matter. [ECF No. 126]. Named as Defendants in the third amended complaint are: Raymond J. Sobina ("Sobina"), and Marilyn S. Brooks ("Brooks"), former Superintendents at SCI-Albion; the Program Review Committee at SCI-Albion ("PRC"); Ronald J. Bryant ("Bryant") and Robert Gilmore ("Gilmore"), Majors at SCI-Albion; P. McKissock, Hearing Examiner at SCI-Albion ("McKissock"); W.M. McConnell ("McConnell") and Carl Franz ("Franz"), Captains at SCI-Albion; Christopher Meure ("Meure"), Thomas Balos ("Balos"), Joseph Saraceno ("Saraceno"), Albert Caldwell ("Caldwell"), Officer Williamson ("Williamson"), Officer Diehl ("Diehl") and Scott McCormick ("McCormick"), Lieutenants at SCI-Albion; Charles Severo ("Severo"), D. Zinz ("Zinz"), Gregory Wilkes ("Wilkes"), Officer Irwin ("Irwin"), Officer Sayer ("Sayer"), and Oficer Walters ("Walters, Sergeants at SCI-Albion; Christopher Fies ("Fies"), Daryl Wolf ("Wolf"), Mark Edmunds ("Edmunds"), Boyd Sullivan ("Sullivan"), J. Speer ("Speer"), Officer Yakemowicz ("Yakemowicz"), Officer Stafford ("Stafford"), M. Boyd ("Boyd"), Jason Gibbs ("Gibbs"), Mark Cimperman ("Cimperman"), Brian Mitchell ("Mitchell"), Officer Vanderlip ("Vanderlip"), C. Byerly ("Byerly"), B. Ruth ("Ruth"), Officer Hendrix ("Hendrix"), Officer Fox ("Fox"), Scott Whitesell ("Whitesell"), Officer Boyer ("Boyer"), and Officer Fairbanks ("Fairbanks"), Corrections Officers at SCI-Albion; Timothy I. Mark, Chief Hearing Examiner ("Mark"); Dorina Varner, Chief Grievance Officer ("Varner"), and Jeffrey Beard, Secretary of Corrections ("Beard"). All Defendants are being sued in their individual capacities only.

In his third amended complaint, Plaintiff restated the following claims that were previously included in one or more of his prior complaints:[1] (i) an Eighth Amendment claim against

---

[1] All other previously stated claims have been dropped from the third amended complaint. In addition, Plaintiff has narrowed the list of Defendants against whom the restated claims are made.

2

Defendants Severo, Wilkes, Byerly, Ruth, Fox, Mitchell, Edmunds, McCormick, Hendrix, Stafford, and Fairbanks for denying him water, hygiene, sanitation, and clothing for seven consecutive days prior to April 25, 2008 (See ECF No. 35, First Amended Complaint, at p. 12, ¶ 17; ECF No. 126, Third Amended Complaint, at ¶¶ 23, 33); (ii) a Fourteenth Amendment due process claim against Defendant McKissock arising from the denial of witnesses and evidence at several misconduct hearings (See ECF No. 35, First Amended Complaint, at pp. 13-14, ¶ 19; ECF No. 126, Third Amended Complaint, at ¶ 25); (iii) supervisory claims against Defendants Brooks, Sobina, PRC, Bryant, Gilmore, McConnell, Franz, Meure, Balos, McCormick, Saraceno, Mark, Varner, and Beard, for their roles in responding to grievances and handling grievance appeals (ECF No. 35, First Amended Complaint, at p. 30, ¶¶ 69-70, 72, 78-80; ECF No. 126, Third Amended Complaint, at ¶¶ 26-27); and (iv) Fourteenth Amendment due process claims against Defendants Sullivan, McCormick, Meure, Boyd, and Wilkes, arising from the filing and processing of numerous misconducts and grievances between October 23, 2007, and July 11, 2008 (See ECF No. 77, Second Amended Complaint at ¶ 24; ECF No. 126, Third Amended Complaint, at ¶¶ 24, 34). In addition to the foregoing claims, the third amended complaint also includes, for the first time, additional First, Fourth, and Fourteenth Amendment claims arising from lost or damaged items of personal property at SCI-Albion between April 14, 2007 and July 14, 2008 (ECF No. 126, Third Amended Complaint, at ¶¶ 14-22, 32); As relief for his claims, Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages.

Defendants have filed a motion for summary judgment [ECF No. 151], arguing that: (i) Plaintiff's property damage claims are barred by the applicable statute of limitations; (ii) Plaintiff cannot recover for alleged false misconducts; (iii) the record does not support an Eighth Amendment claim; and (iv) Plaintiff cannot establish personal involvement by Defendant Beard or by the other supervisory Defendants. Despite being given ample time to file a response to Defendants' motion, Plaintiff has failed to do so. This matter is now ripe for consideration.

**B.    Standards of Review**

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56©. The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations

4

or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g.,

5

Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Statute of Limitations

Defendants argue that Plaintiff's First, Fourth, and Fourteenth Amendment claims arising from lost or damaged items of personal property at SCI-Albion between April 14, 2007 and July 14, 2008, are barred by the applicable statute of limitations. The Court agrees.

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." Sameric, 142 F.3d at 599.

Here, Plaintiff's personal property claims were raised for the first time in his third amended complaint, which was filed with the Court on August 23, 2010, but was signed by Plaintiff on August 18, 2010. Thus, for purposes of applying the statute of limitations, this Court will treat August 18, 2010, as the relevant filing date pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998)(in determining the date upon which a prisoner's pleading is filed,

Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim based on incidents that occurred more than two years prior to August 18, 2010, i.e., before August 18, 2008, is barred by the statute of limitations.

Plaintiff specifies that the alleged loss of personal property occurred between April 14, 2007, and July 14, 2008, and thus took place prior to August 18, 2008. Accordingly, Plaintiff's personal property claims are time-barred unless the claims relate back to the date of his original complaint in this matter, pursuant to Fed.R.Civ.P. Rule 15(c), which provides, in pertinent part, as follows:

> (c) **Relation Back of Amendments**.
>
> > (1) ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
> >
> > > \*     \*     \*
> > >
> > > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or
> > >
> > > (C) the amendment changes the party or the naming of the party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > >
> > > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > > >
> > > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the identity of the

proper party's identity.

In this case, it cannot be said that Plaintiff's First, Fourth, and Fourteenth Amendment personal property claims arose out of the same conduct, transaction, or occurrence previously set out - or attempted to be set out - in his original complaint. In particular, the original complaint asserted claims arising from an assault that allegedly occurred on September 2, 2008, as well as claims relating to subsequent conditions of confinement at SCI-Forest. Although Plaintiff also included a claim stemming from the loss or destruction of personal property items that allegedly occurred in December 2008 at SCI-Forest, that claim is clearly unrelated to Plaintiff's new personal property claims that occurred much earlier at SCI-Albion.

It also cannot be said that Plaintiff's new personal property claims arose out of the same conduct as alleged in either of his previous amended complaints. Plaintiff's first amended complaint, dated September 16, 2009, added claims for additional assaults that allegedly occurred on June 25, 2007, and July 6, 2007, at SCI-Albion, as well as claims related to the lack of medical care and conditions of confinement at SCI-Somerset. In his second amended complaint filed on May 28, 2010, Plaintiff added Eighth Amendment and property claims against SCI-Forest staff members who are no longer Defendants in this case.

Accordingly, Plaintiff's First, Fourth and Fourteenth Amendment personal property claims do not relate back to any of Plaintiff's previously filed complaints in this case and are, thus, barred by the applicable statute of limitations. Summary judgment should be granted in favor of Defendants on these claims.

## 2. Eighth Amendment Claim

To succeed on an Eighth Amendment claim based on prison conditions, a plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994) An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, clothing, shelter, and medical care. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992)(holding that, at a minimum, correctional institutions must provide inmates with "adequate food, clothing, shelter, sanitation, medical care, and personal safety"). Furthermore, to establish deliberate indifference: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837.

Here, Plaintiff claims that Defendants Severo, Wilkes, Byerly, Ruth, Fox, Mitchell, Edmunds, McCormick, Hendrix, Stafford, and Fairbanks violated his Eighth Amendment rights by depriving him of water, hygiene, and clothing for a period of seven days. Defendants respond that Plaintiff's claim is not based in fact and fails to implicate a constitutional violation in any event. The Court agrees.

The record reveals that on April 9, 2008, Plaintiff received a misconduct from Defendant

Wilkes for splashing Defendant Wilkes with an unknown liquid substance that Plaintiff squirted through his cell vent as Defendant Wilkes was trying to turn Plaintiff's water back on after an earlier incident. (ECF No. 154-4 at p. 18). As a result of this misconduct, Plaintiff was placed on various restrictions for security purposes from April 9 to April 16, 2008. These restrictions included a limitation on water access, which was restricted to every two hours, and restrictions on yard, showers, shaving, haircuts, and cell cleaning. (ECF No. 154-5, at pp. 7-8). Such restrictions for a period of seven days fail to rise to the level of a constitutional violation. See Young v. Beard, 2011 WL 902447, at *9-10 (M.D.Pa. Feb. 11, 2011), citing Lane v. Culp, 2007 WL 954101, at *4-5 (W.D.Pa. Feb. 15, 2007)(denial of running water, clothing and bedding for seven days did not rise to the level of a constitutional violation); Adderly v. Ferrier, 2010 WL 2640596, at *7 (W.D.Pa. June 2, 2010)(allegations of denial of property, clothes, toiletries, legal mail, pillow, mattress, and denial of access to the law library and showers for a period of seven days, fail to state a claim as a matter of law). See also Chapman v. Doe, 1988 WL 124894 at *1 (E.D.Pa. Nov. 23, 1988)(dismissing as frivolous Eighth Amendment claim based on lack of cleaning materials and proper food for period of twelve days).

Based on the foregoing, the record evidence in this case does not support Plaintiff's Eighth Amendment claim and summary judgment should be entered in favor of Defendants accordingly.

### 3. Fourteenth Amendment Due Process Claims

Plaintiff claims that Defendants Sullivan, McCormick, Meure, Boyd, and Wilkes violated

his Fourteenth Amendment right to due process when they issued allegedly false misconduct charges against him, which resulted in his placement in disciplinary custody, and that his due process rights were violated further by Defendant McKissock's refusal to allow him to call witnesses and present evidence at the misconduct hearings. These claims are without merit.

Initially, the filing of a misconduct, even if later proven to be false, "is not a constitutional violation so long as the inmate is provided with due process." Flanagan v. Shively, 783 F.Supp. 922, 931 (M.D.Pa. 1992), aff'd, 980 F.2d 722 (3d Cir. 1992), cert denied, 510 U.S. 829 (1993)(citations omitted). In this case, it appears from the record that Plaintiff was properly notified of the charges associated with each misconduct and was afforded a hearing regarding each of the misconducts. Thus, Plaintiff was provided with all due process to which he was entitled. As a result, Plaintiff's claims that Defendants Sullivan, McCormick, Meure, Boyd, and Wilkes wrote false misconduct reports against him are not cognizable under the Fourteenth Amendment and summary judgment should be granted in favor of said Defendants, accordingly.

As to Plaintiff's complaints regarding the time he has spent in disciplinary custody, the Supreme Court has held that a prisoner's state created liberty interest is limited to those situations that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In Sandin, the Supreme Court considered the question of whether segregated confinement implicated a constitutional liberty interest and concluded that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." 515

U.S. at 486. See also Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997) (placement of a prisoner in administrative custody for a period of 15 months did not impose atypical and significant hardship on prisoner and, thus, did not deprive due process rights). Thus, the fact that Plaintiff has been found guilty of allegedly false misconducts and sanctioned to minimal terms of disciplinary custody does not implicate a violation of a constitutional liberty interest under the Fourteenth Amendment. Moreover, the Defendant McKissock's refusal to allow Plaintiff to call witnesses or present evidence at his misconduct hearings did not violate his due process rights, since Plaintiff did not have a liberty interest to protect. Rivers v. Horn, 2001 WL 312236 at *2 (E.D.Pa. Mar. 29, 2001). Accordingly, summary judgment should also be entered in favor of Defendant McKissock with regard to Plaintiff's Fourteenth Amendment due process claim against her.

### 4. Claims Against Supervisory Defendants

Plaintiff alleges that Defendants Sobina, Meure, McCormick, McConnell, Irwin, Williamson, Balos, Bryant, and Saraceno "did intentionally employ manipulatory tactics, bias and arbitrary determining and intimidation in response to complaints filed and verbally made by the plaintiff," thereby "allow[ing] the defendants under their command and each other to harass, abuse, intimidate the plaintiff...." (ECF No. 126, Third Amended Complaint, at ¶ 26). Similarly, Plaintiff alleges that Defendants Brooks, Mark, Varner, Beard, PRC, and Sobina "allowed for co-workers and subordinates to place the plaintiff's life, limb, liberty and property under severe danger" by "deliberately disregarding and employing bias and arbitrary determining, and manipulating facts to

12

circumvent the truth of complaints made by the plaintiff...." (Id. at ¶ 27). It is clear from these allegations that Plaintiff is suing the above-named Defendants in their supervisory capacities.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

Here, Plaintiff has not alleged any personal involvement on the part of any of the above-named Defendants, apart from responding to Plaintiff's written and verbal complaints. Thus, at most, each Defendant was simply asked to investigate or rule on a complaint after the incident giving rise to each had already occurred. Such allegations are insufficient to state a claim upon which relief may be granted against these Defendants, and said Defendants should be granted summary judgment accordingly.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion for summary judgment [ECF No. 151] be granted, and that this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 11, 2011

cc:   The Honorable Sean J. McLaughlin
      United States District Judge